# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MILES BOOTH #166520,

    *Plaintiff*,

v.

RAMESH KILARU, MD,

    *Defendant*.

                     /

CASE NO. 2:13-CV-12997

DISTRICT JUDGE BERNARD A. FRIEDMAN
MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(Doc. 23)

## I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion for Summary Judgment be **GRANTED**.

## II.   REPORT

### A.   Introduction

Plaintiff Miles Booth, a state prisoner, filed this *pro se* federal civil rights action under 42 U.S.C. § 1983 on July 12, 2013. (Doc. 1 at 1.) Plaintiff was incarcerated by the Michigan Department of Corrections ("MDOC") at Thumb Correctional Facility when the alleged Eighth Amendment violation took place. (Doc. 1 at 6; Doc 15 at 2.) Defendant Ramesh Kilaru serves as Medical Director at Thumb Correctional Facility. (Doc. 1 at 6-7; Doc. 15 at 2.) Plaintiff complains that Defendant violated his Eighth Amendment right to be free from deliberate indifference to serious medical needs by not conforming to a podiatrists' recommendation in the treatment of his foot pain, allegedly caused by gout. (Doc. 1 at 7-9.)

On March 27, 2014, Defendant filed this motion for summary judgment, contending that there is no genuine issue of material fact because Plaintiff has failed to show that Defendant was deliberately indifferent to his serious medical need. (Doc. 23 at 23, 25, 28.) Plaintiff filed a response to Defendant's motion on April 11, 2014 arguing summary judgment is inappropriate because he has shown that a genuine issue of material fact exists as to whether Defendant was deliberately indifferent to a serious medical need. (Doc. 29 at 3-4.) On April 24, 2014, Defendant filed a response to Plaintiff's reply, reasserting that Plaintiff has failed to show (1) a serious medical need, and (2) Defendant's deliberate indifference. (Doc. 30 at 2-3.)

On April 25th, 2014, United States District Judge Bernard A. Friedman referred all pretrial matters to Magistrate Judge Patricia T. Morris. (Doc. 31 at 1.) The Defendant's motion is ready for report and recommendation without oral argument. *See* E.D. Mich. LR 7.1(f)(1).

**B.     Summary Judgment Standard of Review**

A motion for summary judgment will be granted under Rule 56 of the Federal Rules of Civil Procedure when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has "'the initial burden of showing the absence of a genuine issue of material fact' as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v Catrett*, 477 U.S. 317, 323 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence.

*Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot rest merely on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992).

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

**C.      Analysis and Conclusion**

In *Estelle v. Gamble*, the Supreme Court held "that deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment Cruel and Unusual Punishment Clause because it constitutes the "unnecessary and wanton infliction of pain'" and is "repugnant to the conscience of mankind" by offending our "evolving standards of decency." 429 U.S. 97, 104

3

(1976) (quoting *Gregg v. Georgia*, 428 U.S. 97, 104 (1976)). To establish a cognizable claim, Plaintiff's allegations must show Defendant's 'sufficiently harmful' acts or omissions. *Id.* at 106. "[I]nadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind,' and therefore will not violate the Constitution." *Id.* The 'deliberate indifference to a serious medical need' inquiry incorporates objective and subjective elements into a two-pronged standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective inquiry is whether the deprivation was "sufficiently serious" and the subjective prong considers whether the state of mind of the official was sufficiently culpable. *Id.*

The Sixth Circuit distinguishes between allegations of complete denial of medical care and inadequate medical treatment. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). "'Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Brock v. Crall*, 8 Fed. App'x 439, 441 (6th Cir. 2001) (quoting *Westlake*, 537 F.2d at 860 n.5.)  A "difference of opinion between a plaintiff and his doctor regarding his diagnosis and treatment do[es] not state an Eighth Amendment claim." *Smith v. Sator*, 102 F. App'x 907, 909 (6th Cir. 2004) (citing *Estelle*, 429 U.S. at 107). Further, in *Mitchell v. Hininger* the Sixth Circuit found that prison officials were not deliberately indifferent to the plaintiff's serious medical need when their treatment did not conform to a specialist's recommended treatment. 553 Fed. App'x 602, 605 (6th Cir. 2014).

For purposes of this motion I assume that a genuine issue of material fact exists about whether Plaintiff's gout was sufficiently serious. The only question left is whether Plaintiff has shown Defendant's sufficiently culpable state of mind for the claim's subjective component.

4

An inmate who is treated but disagrees with treatment has failed to state an Eighth Amendment claim. *See Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Here Plaintiff does not contend that Defendant failed to treat his gout, rather he complains that Defendant did not order the medicine that a podiatrist prescribed. (Doc. 1 at 7-9.) A podiatrist diagnosed Plaintiff with gout and prescribed Allopurinol, which can lower the high uric acid levels that can cause gout. (Doc. 1 at 7-9.) Defendant tested Plaintiff's uric acid levels in preparation for the podiatrist visit and the levels were not elevated. (Doc. 23 at 9-20.) Defendant had been monitoring Plaintiff's uric acid levels and had only detected elevated levels once since 2009. (*Id.*) Because the prescription was to be administered *as needed*, Defendant told Plaintiff he would continue to monitor uric acid levels and prescribe the medicine if they became elevated. (*Id.* at 20.) Just as in *Selby v. Martin*, this record "clearly reveals a competent and conscientious course of medical treatment, and [plaintiff's] dissatisfaction with his treatment does not state a claim under the Eighth Amendment." 84 Fed. App'x 496, 499 (6th Cir. 2003). I suggest, therefore, that Plaintiff has failed to state a claim because he has not established that Defendant had a sufficiently culpable state of mind to meet the subjective element. *Farmer v. Brennan*, 511 U.S. at 834.

For all the reasons stated above, I recommend that Defendant's Motion for Summary Judgment be GRANTED.

## III.   REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further

right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 30, 2014                    /S PATRICIA T. MORRIS
                                        Patricia T. Morris
                                        United States Magistrate Judge


**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date using the Court's CM/ECF system which delivers a copy to all counsel of record. A hard copy was served by first class mail on Miles Booth, #166520, Saginaw Correctional Facility, 9625 Pierce Rd., Freeland, MI, 48623.

Date: June 30, 2014                    By    s/*Jean L. Broucek*
                                        Case Manager to Magistrate Judge Morris

6